IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

CHYNA F. SOLUS,                              :
                                             :
                    Plaintiff,               :
                                             :        CIVIL ACTION NO.
                                             :
vs.                                          :
                                             :        1:19-CV-2650-CC-JKL
REGIONS BANK; EQUIFAX                        :
INFORMATION SERVICES LLC;                    :
EXPERIAN INFORMATION                         :
SOLUTIONS, INC.; TRANS UNION                 :
LLC, and BELL & WILLIAMS                     :
ASSOCIATES, INC.,                            :
                                             :
                    Defendants.              :

## OPINION AND ORDER

This case is before the Court on the Non-Final Report and Recommendation

(the "R&R") [Doc. No. 29] issued by Magistrate Judge John K. Larkins III on

February 6, 2020.  The recommendation set forth in the R&R is that the Court deny

Defendant Trans Union LLC's Motion to Dismiss Plaintiff's First Amended

Complaint (the "Motion to Dismiss") [Doc. No. 23].  On February 20, 2020,

Defendant Trans Union LLC ("Trans Union") filed objections to the R&R. (Doc.

No. 31.)  For the reasons set forth below, the Court adopts the R&R and denies the

Motion to Dismiss.

I.      **BACKGROUND**

    A.      Facts

On September 25, 2016, Plaintiff Chyna Solus ("Plaintiff") purchased a 2011 Nissan Rogue from Ed Voyles Hyundai, and that purchase was financed by Defendant Regions Bank ("Regions Bank").  (First Am. Compl. ¶ 11.)  Plaintiff alleges that she did and continues to make timely payments on her account.  (Id. ¶ 12.)  In November 2018, Plaintiff's daughter, for whom Plaintiff purchased the car, began experiencing trouble with the transmission and took the vehicle to a Sam's Club garage to have the transmission repaired.  (Id. ¶¶ 13-14.)  At some point following, Sam's Club contacted Regions Bank, and Regions Bank had the vehicle towed.  (Id. ¶ 15.)

Neither Sam's Club, Regions Bank, nor the towing company contacted Plaintiff to inform her the Nissan was being or had been towed from the Sam's Club garage.  (Id. ¶ 16.)  Plaintiff alleges she did not learn the vehicle had been towed until she received a debt collection letter from Bell and William Associates, Inc. dated December 20, 2018.  (Id.)  Plaintiff further alleges that the Nissan was improperly towed from the Sam's Club garage and that she never asked for the vehicle to be towed.  (Id. ¶ 17.)  Still, she paid Regions Bank $1,668.50 on December 28, 2018, to obtain the release of the Nissan.  (Id.)  Plaintiff also paid Regions Bank $276.00 on January 28, 2019.  (Id. ¶ 18.)

Beginning around February 28, 2019, Regions Bank allegedly started and continued to report false, derogatory information to credit reporting agencies, including Equifax, Experian, and Trans Union, stating Plaintiff had a voluntary repossession, had returned the Nissan voluntarily, had redeemed or reinstated the Nissan, or had voluntarily surrendered the Nissan. (Id. ¶ 20.) On March 14, 2019, Trans Union was reporting that Plaintiff had voluntarily surrendered the Nissan to Regions Bank. (Id. ¶ 21.) From February 28, 2019, the credit reporting agencies, including Trans Union, have placed the representations made by Regions Bank into Plaintiff's credit files and have published the representations to third parties. (Id. ¶ 22.) From March 2019 forward, Plaintiff personally disputed the reporting, and the credit reporting agencies forwarded these disputes to Regions Bank on numerous occasions. (Id. ¶ 23.)

On March 23, 2019, Plaintiff was denied a lease on an automobile due to "RECENT AUTO CHARGE OFF" and "VOL REPO" being reported to Mercedes-Benz Financial Services USA, LLC. (Id. ¶ 24.) On April 4, 2019, Plaintiff, through her attorney, sent dispute letters to Equifax, Experian, and Trans Union, explaining that the representations made by Regions Bank were false and requesting that they investigate. (Id. ¶ 25.) Trans Union forwarded the dispute to Regions Bank, but Plaintiff alleges Trans Union failed to conduct an adequate investigation of her dispute, as Trans Union continues to report the

representations that were made by Regions Bank.  (Id. ¶¶ 26-27.)  In addition to

reporting to the credit reporting agencies that Plaintiff voluntarily surrendered the

car and that the car was repossessed, Regions Bank also reported that Plaintiff was,

at times, delinquent on the Nissan account.  (Id. ¶ 28.)   The credit reporting

agencies continued to include this allegedly false information in Plaintiff's credit

files and to report this information to others.  (Id. ¶ 29.)  Plaintiff alleges she has

consequently been denied credit and suffered a tremendous amount of mental and

emotional distress.  (Id. ¶¶ 30-43.)

B.      Plaintiff's Claim Against Trans Union

Plaintiff brings one claim against Trans Union in the First Amended

Complaint.  Plaintiff asserts that Trans Union has violated § 1681i of the Fair Credit

Reporting Act, 15 U.S.C. § 1681, et seq. (the "FCRA").  (First Am. Compl. ¶¶ 45-

60.)   In this regard, Plaintiff alleges Trans Union failed to delete inaccurate

information from her credit file, despite being on notice of inaccuracies and being

made aware of information beyond what was contained in Plaintiff's credit file,

which indicated that the factual basis for Region's reporting was not accurate.  (Id.

¶¶ 45-46.)  Plaintiff contends Trans Union repeatedly failed to conduct lawful

reinvestigations and failed to maintain reasonable procedures pursuant to which

it verified disputed information.  (Id. ¶¶ 47-48.)  Plaintiff further alleges Trans

Union violated the FCRA by relying exclusively upon verification by Regions

Bank and conducting no investigation of its own, although it had reason to know Regions Bank was an unreliable source.  (Id. ¶¶ 49, 54, 57.)

Plaintiff alleges Trans Union has "a regular practice or policy of ignoring disputed information from a consumer if it contradicts the information provided by a credit furnisher such as Regions Bank after a dispute is sent to the furnisher," and Plaintiff maintains "[i]t is objectively unreasonable to rely on a furnisher's verification of information without conducting an independent investigation if the furnisher's verification contradicts facts provided in a dispute when the furnisher and consumer's claimed facts contradict each other."  (Id. ¶¶ 51-52.)

As a result of Trans Union's actions and inactions, Plaintiff claims she has suffered damages in the form of "loss of and limited credit; loss of the ability to purchase and benefit from credit; pecuniary costs of disputing credit information; and the mental and emotional pain, anguish, and humiliation of repeatedly having the credit information verified as accurate despite it being false, thus remaining in her credit report, and the embarrassment of credit denials."  (Id. ¶ 50.)

Plaintiff claims that Trans Union's reckless disregard of the information that she provided indicating that she did not voluntarily surrender, redeem, or reinstate the Nissan was willful, and Plaintiff maintains that Trans Union is consequently liable for actual or statutory damages and punitive damages. (Id. ¶ 58.)   Plaintiff alternatively alleges that Trans Union's conduct was negligent,

entitling Plaintiff to actual damages.  (Id. ¶ 59.)  Plaintiff also seeks to recover costs

and attorney's fees.  (Id. ¶ 60.)

C.      Procedural Posture of Case

On September 13, 2019, Trans Union moved the Court to dismiss Plaintiff's

First Amended Complaint.  (Doc. No. 23.)  Following briefing on the Motion to

Dismiss, the Magistrate Judge issued the R&R recommending that the Court deny

the Motion to Dismiss.  In doing so, the Magistrate Judge expressed great concern

with Trans Union's argument that Plaintiff had alleged only a legal dispute, which

credit reporting agencies are not obligated or expected to investigate and which

cannot give rise to liability under the FCRA, but the Magistrate Judge also was not

convinced that Plaintiff's dispute was necessarily factual, as a matter of law.  (R&R

at 9-12.)  The Magistrate Judge effectively concluded that it was too soon to make

a confident determination as to whether the dispute is factual or legal in nature,

and the Magistrate Judge noted that none of the cases upon which Trans Union

relies, except for one, were decided at the motion to dismiss stage.  (Id.)  The

Magistrate Judge also distinguished the cases relied on by Trans Union, as they

involved disputes in which a consumer was lodging a collateral attack on the

validity of the entire underlying debt or lien being reported.  (Id. at 10-11.)  Finally,

the Magistrate Judge also rejected Trans Unions arguments that Plaintiff failed to

state a plausible claim for willful violation of the FCRA.  (Id. at 13-15.)

Trans Union objects to the R&R on two primary grounds. First, Trans Union asserts that the Magistrate Judge erred in declining to find definitively that Plaintiff plainly alleged a legal question, which Trans Union had no responsibility or capability to resolve. Second, Trans Union asserts that the analysis of whether Plaintiff's dispute is factual or legal in nature is not only proper at this stage of the proceedings but necessary, as a factual inaccuracy is a required element to state a claim under the FCRA. Therefore, Trans Union maintains that the Magistrate Judge erred in dismissing its reliance on cases relevant to that determination simply because those cases were decided on summary judgment, and Trans Union points out that many courts have relied on those summary judgment cases in resolving motions to dismiss and motions for judgment on the pleadings.

## II.   APPLICABLE STANDARDS OF REVIEW

### A.   Evaluation of Report and Recommendation and Objections

After reviewing a magistrate judge's findings and recommendations submitted pursuant to 28 U.S.C. § 636(b)(1)(B), a district judge may accept, reject, or modify the findings or recommendations. 28 U.S.C. § 636(b)(1). A party challenging a report and recommendation must "file . . . written objections which shall specifically identify the portions of the proposed findings and recommendation to which objection is made and the specific basis for objection." Macort v. Prem, Inc., 208 F. App'x 781, 783 (11th Cir. 2006) (citation and internal

7

quotation marks omitted); see also Fed. R. Civ. P. 72(b)(2).  A district judge "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made."  Jeffrey S. v. State Bd. of Educ. of Ga., 896 F.2d 507, 512 (11th Cir. 1990) (citation omitted).  The district judge must "give fresh consideration to those issues to which specific objection has been made by a party."  Id.  "Frivolous, conclusive, or general objections need not be considered by the district court."  Marsden v. Moore, 847 F.2d 1536, 1548 (11th Cir. 1988) (citation omitted).  Those portions of a report and recommendation to which an objection has not been made are reviewed for plain error.  United States v. Slay, 714 F.2d 1093, 1095 (11th Cir. 1983).

B.      Evaluation of Motion to Dismiss

Pursuant to Federal Rule of Civil Procedure 8(a)(2), a complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  The short and plain statement under Rule 8(a)(2) must "give the defendant fair notice of what the claim is and the grounds upon which it rests."  Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007) (ellipsis omitted).  Under federal notice-pleading standards, a plaintiff's "[f]actual allegations must be enough to raise a right to relief above the speculative level."  Id.  "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its

face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009) (quoting Twombly, 550 U.S. at 570).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at      678      (citing      Twombly,      550      U.S.      at      556).

The court "must accept all facts in the complaint as true and view those facts in the light most favorable to the plaintiff."  Sun Life Assurance Co. of Canada v. Imperial Premium Finance, LLC, 904 F.3d 1197, 1207 (11th Cir. 2018).   Legal conclusions, however, "are not entitled to the assumption of truth."  Iqbal, 556 U.S. at 679.  In fact, "conclusory allegations, unwarranted factual deductions or legal conclusions masquerading as facts will not prevent dismissal." Davila v. Delta Air Lines, Inc., 326 F.3d 1183, 1185 (11th Cir. 2003).

## III.   ANALYSIS

"[T]he FCRA was enacted 'to require that consumer reporting agencies adopt reasonable procedures for meeting the needs of commerce for consumer credit . . . in a manner which is fair and equitable to the consumer, with regard to the confidentiality, accuracy, relevancy, and proper utilization of such information.'"  Chipka v. Bank of Am., 355 F. App'x 380, 382 (11th Cir. 2009) (quoting 15 U.S.C. § 1681(b)).  The FCRA is intended "to prevent consumers from

being unjustly damaged because of inaccurate or arbitrary information in a credit report."  Equifax v. Fed. Trade Comm'n, 678 F.2d 1047, 1048 (11th Cir. 1982).

Section 1681i(a) of Title 15 provides that if a consumer disputes the accuracy of information contained in a consumer file at a credit reporting agency ("CRA"), "the agency shall, free of charge, conduct a reasonable reinvestigation to determine whether the disputed information is inaccurate and record the current status of the disputed information, or delete the item from the file" within 30 days from the date the agency received notice of the dispute.  15 U.S.C. § 1681i(a)(1)(A). After reinvestigation, if "an item of the information is found to be inaccurate or incomplete or cannot be verified, the [CRA] shall–(i) promptly delete that item of information from the file of the consumer, or modify that item of information, as appropriate, based on the results of the reinvestigation; and (ii) promptly notify the furnisher of that information that the information has been modified or deleted from the file of the consumer."  15 U.S.C. § 1681i(a)(5)(A).

"To state a claim for a violation of FCRA section 1681i(a) a plaintiff must allege: '(1) the [consumer report in dispute] contains inaccurate or incomplete information; (2) the [plaintiff] notified the [CRA] of the alleged inaccuracy; (3) the dispute is not frivolous or irrelevant; (4) the [CRA] failed to respond or conduct a reasonable reinvestigation of the disputed items; [and] (5) the failure to reinvestigate caused the [plaintiff] to suffer out-of-pocket losses or intangible

damages such as humiliation or mental distress.'" <u>Lazarre v. JPMorgan Chase Bank, N.A.</u>, 780 F. Supp. 2d 1320, 1329 (S.D. Fla. 2011) (quoting <u>Bermudez v. Equifax Info. Servs., LLC</u>, No. 6:07-cv-1492-Orl-31GJK, 2008 WL 5235161, at *4 (M.D. Fla. Dec. 15, 2008)); <u>see also</u> <u>DeAndrade v. Trans Union LLC</u>, 523 F.3d 61, 66–68 (1st Cir. 2008); <u>Paul v. Experian Info. Sols., Inc.,</u> 793 F. Supp. 2d 1098, 1102–03 (D. Minn. 2011). "Accurate reporting is a complete defense to . . . a 1681i claim." <u>Fahey v. Experian Info. Sols., Inc.,</u> 571 F. Supp. 2d 1082, 1087 (E.D. Mo. 2008) (citing <u>Cahlin v. General Motors Acceptance Corp.</u>, 936 F.2d 1151, 1156 (11th Cir. 1991)).

The Court agrees with Trans Union that Eleventh Circuit caselaw teaches that a factual inaccuracy is required to state an FCRA claim. <u>Cahlin</u>, 936 F.2d at 1160 (stating that a 1681i(a) claim "is properly raised when a particular credit report contains a <u>factual</u> deficiency or error that could have been remedied by uncovering additional facts that provide a more accurate representation about a particular entry") (emphasis in original). If a consumer fails to set forth facts supporting a plausible showing of an inaccuracy in a credit report, the consumer, as a matter of law, has not established a violation of [the Act], and a court need not inquire further as to the reasonableness of the procedures adopted by the credit reporting agency." <u>Id.</u> at 1156.

A reasonable reinvestigation does not require CRAs to resolve legal disputes about the validity of the underlying debts they report. <u>See Humphrey v.</u>

Trans Union LLC, 759 F. App'x 484, 488 (7th Cir. 2019) (adopting reasoning of

DeAndrade and ruling that "a consumer may not use the Fair Credit Reporting

Act to collaterally attack the validity of a debt by challenging a CRA's

reinvestigation procedure"); Wright v. Experian Info. Sols., Inc., 805 F.3d 1232,

1242 (10th Cir. 2015) ("A reasonable investigation . . . does not require [credit

reporting agencies] to resolve legal disputes about the validity of the underlying

debts they report."); Carvalho v. Equifax Info. Servs., LLC, 629 F.3d 876, 892 (9th

Cir. 2010) ("We agree that reinvestigation claims are not the proper vehicle for

collaterally attacking the legal validity of consumer debts."); DeAndrade, 523 F.3d

at 68 (holding a reasonable reinvestigation does not entail resolving "legal issue[s]

that a credit agency ... is neither qualified nor obligated to resolve under the

FCRA").

The Magistrate Judge was hesitant to apply DeAndrade and its progeny to

Trans Union's Motion to Dismiss, but courts within the Eleventh Circuit and in

other circuits have applied the above-cited legal principles in resolving motions to

dismiss and motions for judgment on the pleadings.  Humphrey, 759 F. App'x at

488 ("Because Humphrey's complaint did not allege a factual inaccuracy on his

credit report, the district court correctly granted the CRAs' joint motion for

judgment on the pleadings. Humphrey's allegation that he was not required to

make payments on his student loans required a legal determination about whether

his disability-discharge applications required Navient to cease collections.");

Berkery v. Equifax Info. Servs. LLC, CIVIL ACTION NO. 18-3417, 2019 WL

1958567, at *3-5 (E.D. Pa. May 2, 2019) (granting motion to dismiss FCRA claims

because the reinvestigation requested of the CRAs would have required them to

decide whether the creditor was legally allowed to unilaterally increase the

plaintiff's minimum monthly payment); Thomas v. Equifax Info. Servs., LLC, Civil

Action No. 1:18-cv-01438-RM-KLM, 2019 WL 948996, at *2-3 (D. Colo. Feb. 27,

2019) (granting motion to dismiss FCRA claims because CRAs were not required

to resolve the underlying dispute concerning whether plaintiff was obligated to

pay additional amount to automobile finance company); Denan v. Trans Union

LLC, No. 18 C 5027, 2019 WL 911270, at *2 (N.D. Ill. Feb. 22, 2019) (granting motion

for judgment on the pleadings because plaintiffs' FCRA claims indicated that

plaintiffs were trying to hold CRA responsible for resolving legal question of

whether their loans were void and uncollectible under state usury law); Perry v.

Toyota Motor Credit Corp., Case No. 1:18CV00034, 2019 WL 332813, at *5 (W.D.

Va. Jan. 25, 2019) (dismissing FCRA claims under 15 U.S.C. §§ 1681e(b) and 1681i

for failure to state a claim and stating that "[t]he proper resolution of a legal

defense to payment of the debt is not generally the kind of error that a CRA could

discover or resolve through a review of information from consumers, furnishers,

or its own files"); Padgett v. Clarity Servs., Inc., Case No. 8:18-cv-1918-T-30CPT,

2018 WL 6628274, at *3-4 (M.D. Fla. Dec. 13, 2018) (granting CRA's Rule 12(b)(6)

motion to dismiss the plaintiff's FCRA claims because her inaccuracy allegations

were premised on a legal conclusion that the debt was uncollectible); Pembroke v.

Trans Union, LLC, No. 16-CV-03194-CMA-STV, 2017 WL 6463254, at *6 (D. Colo.

Dec. 19, 2017) (dismissing with prejudice FCRA claims that collaterally attacked

the validity of the underlying debt); Barsky v. Experian Info. Sols., Inc, Case No.

4:15 CV 1017 CDP, 2016 WL 4538526, at *2 (E.D. Mo. Aug. 30, 2016) ("Because

Barsky's complaint fails to allege that Experian's consumer report contained

information relating to his alleged time-barred debts that was factually inaccurate,

as opposed to legally disputed, Experian is entitled to judgment on the pleadings

to the extent Barsky claims under 15 U.S.C. §§ 1681e(b) and 1681i that Experian

wrongfully reported these debts and failed to properly investigate his related

dispute."); Brill v. Trans Union LLC, 15-cv-300-slc, 2015 WL 9095103, at *2-5 (W.D.

Wis. Dec. 16, 2015) (granting motion to dismiss FCRA claims against CRA where

plaintiff alleged CRA continued to report lease extension on which plaintiff

alleged his signature had been forged because whether signature was a forgery

was a "legal question that Trans Union could not resolve through

reinvestigation"); Prianto v. Experian Info. Solutions, Inc., Case No. 13–cv–03461–

THE, 2014 WL 3381578, at *5-8 (N.D. Cal. July 10, 2014) (granting motion for

judgment on the pleadings and finding that plaintiff failed to state claims as a

matter of law under sections 1681e(b) and 1681i(1)(A) where plaintiff raised a legal issue, rather than alleging a factual inaccuracy); Banks v. ACS Educ. Corp., Civil No. 10cv1886 AJB (CAB), 2012 WL 1033316, at *7-8 (SD. Cal. Mar. 26, 2012) (finding that the plaintiff had failed to allege a cognizable claim against several CRAs where the disputes between the plaintiff and his creditors were legal disputes that only a court could resolve).  Consistent with the foregoing persuasive authorities, this Court is of the opinion that FCRA claims alleged in a complaint that obviously involve legal disputes, rather than factual inaccuracies, are due to be dismissed at the pleadings stage, as those claims necessarily would fail at the summary judgment stage.

In this case, however, the Court finds that Plaintiff has plausibly alleged that Trans Union failed to conduct a reasonable reinvestigation to determine whether factually disputed information on her credit report was inaccurate.  Trans Union was reporting that Plaintiff had voluntarily surrendered the Nissan to Regions Bank.  Yet, Plaintiff alleges she did not ask for the vehicle to be towed and further alleges she did not know the vehicle had been towed from the Sam's Club garage until she received a debt collection letter.  Plaintiff disputed Trans Union's reporting both personally and through her counsel, but Trans Union, relying exclusively on Regions Bank's response to Plaintiff's dispute, continued to erroneously report that Plaintiff had voluntarily surrendered the vehicle.

Plaintiff's dispute in this case is distinguishable from a dispute that was the subject of FCRA claims that this Court recently dismissed in Batterman v. BR Carroll Glenridge, LLC, et al., CIVIL ACTION NO. 1:19-CV-1598-CC-RDC, 2020 WL 1821322 (N.D. Ga. Apr. 10, 2020), a case that is presently on appeal.  In Batterman, CRAs were reporting a debt for liquidated damages connected with the plaintiff's early termination of an apartment lease agreement.  The plaintiff claimed that he was entitled to terminate the lease agreement, without the imposition of liquidated damages, due to the apartment being rendered uninhabitable because of flooding and mold.  Upon becoming aware that CRAs were reporting the liquidated damages as an outstanding debt, the plaintiff disputed the existence of the debt and requested that the CRAs conduct a reinvestigation.  Contending that the CRAs did not conduct an adequate reinvestigation and continued to report the debt, the plaintiff brought claims against the CRAs under the FCRA.  The Court dismissed those claims, finding that the plaintiff had not presented the CRAs with a factual dispute that they were obligated to reinvestigate but had requested that they reinvestigate a contract dispute turning on the questions of whether the plaintiff's apartment became uninhabitable, whether the lease automatically ended or was terminated prematurely by the plaintiff, and whether the liquidated damages provision was enforceable against plaintiff.

16

Unlike the requested reinvestigation in <u>Batterman</u>, the allegations in Plaintiff's First Amended Complaint plausibly suggest that Plaintiff had requested that Trans Union reinvestigate a factual inaccuracy on her credit reports.  As mentioned above, Trans Union was reporting that Plaintiff voluntarily surrendered the Nissan, and that is what Plaintiff disputed as being inaccurate. Black's Law Dictionary defines "voluntary" as "[d]one by design or intention." VOLUNTARY, Black's Law Dictionary (11th ed. 2019).  Thus, Trans Union only had to reinvestigate whether Plaintiff, by intention, surrendered or relinquished possession of the Nissan to Regions Bank.  At this point in the litigation, this appears to be a factual dispute that Trans Union had a reasonable obligation to reinvestigate.

Trans Union argues that Plaintiff's dispute more broadly concerned whether Regions Bank wrongfully repossessed the Nissan.  Notably, whether Plaintiff voluntarily surrendered the Nissan and whether Regions Bank wrongfully repossessed the Nissan conceivably are two independent issues.  It is possible that Plaintiff did not voluntarily surrender the Nissan and that Regions Bank did not wrongfully, involuntarily repossess the vehicle, if Regions Bank had a different legal justification for repossession.  The wrongful repossession issue, in the context of this case, would turn on the resolution of legal issues that CRAs are not suited to reinvestigate or resolve.  However, what Plaintiff disputed, as an

initial matter, was the accuracy of the notation on her credit report that she had voluntarily surrendered the Nissan, and that plausibly is a factual dispute that Trans Union should have reinvestigated in accordance with 15 U.S.C. § 1681i.

## IV.   CONCLUSION

Having conducted a de novo review of those portions of the R&R to which Trans Union objects and having reviewed the remainder of the R&R for plain error, the Court **ADOPTS** the R&R [Doc. No. 29], with the modifications to the analysis set forth in this Order.  The Court **DENIES** Defendant Trans Union LLC's Motion to Dismiss Plaintiff's First Amended Complaint [Doc. No. 23].

SO ORDERED this 17th day of July, 2020.


s/   CLARENCE COOPER
CLARENCE COOPER
SENIOR UNITED STATES DISTRICT JUDGE